1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID GARCIA TOVAR,

Plaintiff,

v.

MARTIN CUELLAR, et al.,

Defendants.

Case No.  16-cv-02865-SK (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

(ECF NO. 7)

I.

Plaintiff, a prisoner at the Duval County Jail in San Diego, Texas, has filed a *pro se* complaint under 42 U.S.C. § 1983 seeking monetary damages from several government officials from the cities of Austin and Laredo, Texas, and from the State of Texas and several Texas counties, for alleged broad wrongdoing.  Plaintiff also seeks monetary relief from the United States and several federal agencies, and from the State of California and the cities of Los Angeles and San Diego, California, for alleged broad wrongdoing while he temporarily resided in southern California.  Plaintiff also seeks leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915.

The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

II.

Venue is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Although plaintiff's allegations of wrongdoing are broad and vague, the complaint makes clear that the case was filed in the wrong venue because none of plaintiff's claims have any connection whatsoever to this judicial district.  No defendant resides in this district and none of the alleged wrongdoing occurred in this district.  See id.

When a case is filed in the wrong venue, a district court has discretion to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).  Because it does not appear that there is one proper federal court in which plaintiff can bring all of his claims, the complaint will be dismissed without prejudice.  See In re Hall, 939 F.2d 802, 804 (9th Cir. 1991) (dismissal for wrong venue must be without prejudice).  If viable, some of plaintiff's claims may have to be brought in the Southern District of Texas (where the City of Laredo and the County of Webb lie, 28 U.S.C. § 124(b)), and others in the Western District of Texas (where the City of Austin lies, 28 U.S.C. § 124(d)), the Central District of California (where the City of Los Angeles lies, 28 U.S.C. § 84(c)) and/or the Southern District of California (where the City of San Diego lies, 28 U.S.C. § 84(c)).

III.

For the foregoing reasons, the complaint is DISMISSED WITHOUT PREJUDICE to filing the claims therein in the proper judicial districts.  But based solely on plaintiff's affidavit of poverty, his application to proceed IFP (ECF No. 7) is GRANTED.

The clerk shall enter judgment in accordance with this order and close the file.

**IT IS SO ORDERED**.

Dated: June 23, 2016

_____

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

2