UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARCIA TOVAR,<br>            Plaintiff,<br>    v.<br>MARTIN CUELLAR, et al.,<br>            Defendants. | Case No. 16-cv-02865-HSG (PR)<br><br>**ORDER RE: REASSIGNMENT FROM A MAGISTRATE JUDGE** |

On June 21, 2016, plaintiff, who was at the time a prisoner at the Duval County Jail in San Diego, Texas, filed a *pro se* complaint against government officials from the cities of Austin and Laredo, Texas and from the State of Texas and several Texas counties. The action originally was assigned to Magistrate Judge Sallie Kim, and plaintiff consented to proceed before a magistrate judge. On June 24, 2016, Magistrate Judge Kim issued an order determining that plaintiff's allegations of wrongdoing did not occur in this judicial district and dismissing the case without prejudice to filing in the proper district(s). *See* dkt. no. 8.

Plaintiff subsequently filed several letters and "statements" appearing to seek reconsideration of the dismissal. On February 6, 2018, Magistrate Judge Kim reopened the case and reassigned it to the undersigned because a new Ninth Circuit decision held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants. Magistrate judges can, however, submit proposed findings of

fact and recommendations for the disposition of many pretrial matters. *See* 28 U.S.C. § 636 (b)(1)(A), (B). In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for the disposition of a pretrial matter, the parties may serve and file written objections to the proposed findings and recommendations. *Id.* at § 636(b)(1); *see also* Fed. R. Civ. P. 72. Usually such objections are due within fourteen days of the magistrate judge's proposed findings and recommendations. *See id.*

Under the circumstances, the preferable approach is to treat Magistrate Judge Kim's June 24, 2016 Order of Dismissal as findings and recommendations and to give plaintiff an opportunity to file any objections he has to those findings and recommendations. Accordingly, no later than fourteen days from the date of this order, plaintiff may serve and file specific written objections to Magistrate Judge Kim's dismissal order. *See generally* Fed. R. Civ. P. 72(a) and (b). Plaintiff's objections must be included in a single document no longer than 20 pages in length.

Once the court receives any objections, the court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If plaintiff files no objection within fourteen days, the Court will deem him to have waived his right to object to the magistrate judge's findings and recommendations.

**IT IS SO ORDERED.**

Dated: 2/12/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge