UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GARCIA TOVAR,<br>　　　　Plaintiff,<br>　　v.<br>MARTIN CUELLAR, et al.,<br>　　　　Defendants. | Case No. 16-cv-02865-HSG (PR)<br><br>**ORDER CLOSING CASE** |

On June 21, 2016, plaintiff, who was at the time a prisoner at the Duval County Jail in San Diego, Texas, filed a *pro se* complaint against government officials from the cities of Austin and Laredo, Texas and from the State of Texas and several Texas counties. The action originally was assigned to Magistrate Judge Sallie Kim, and plaintiff consented to proceed before a magistrate judge. On June 24, 2016, Magistrate Judge Kim issued an order determining that plaintiff's allegations of wrongdoing did not occur in this judicial district and dismissing the case without prejudice to filing in the proper district(s). *See* dkt. no. 8.

Plaintiff subsequently filed several letters and "statements" appearing to seek reconsideration of the dismissal. On February 6, 2018, Magistrate Judge Kim reopened the case and reassigned it to the undersigned because a new Ninth Circuit decision held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants.

By order entered February 12, 2018, the court regarded Magistrate Judge Kim's orders as reports and recommendations to the undersigned and gave plaintiff fourteen days to file any objections. *See* dkt. no. 17. On March 1, 2018, plaintiff filed a letter expressing frustration with the court's orders. *See* dkt. no. 18. To the extent the letter represents plaintiff's objections, the objections are noted but do not change the court's decision. The undersigned therefore officially adopts the reports and recommendations of the magistrate judge.

To the extent plaintiff's post-judgment letters and "statements" seek reconsideration of the dismissal, the requests are denied. Because they were filed after judgment was entered, they are construed as requests for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.* Plaintiff's filings fail to make the showing required under Rule 60(b) or otherwise to show good cause for reconsideration.

For the foregoing reasons, the Clerk shall close the case. No further filings will be accepted.

**IT IS SO ORDERED.**

Dated: 3/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge